**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4343-17T2

JERALD MIRROW, individually
and as Trustee of the Jerald
E. Mirrow Revocable Trust,

      Plaintiff-Respondent,

v.

CROSSFIT MOUNT LAUREL, LLC
and THOMAS ALFINITO, JR.,

      Defendants-Appellants.

_____

Argued April 10, 2019 – Decided April 30, 2019

Before Judges Reisner and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3467-16.

Paul J. Winterhalter argued the cause for appellants (Offit Kurman, PA, attorneys; Paul J. Winterhalter, of counsel and on the briefs).

Steven J. Jozwiak argued the cause for respondent (Steven J. Jozwiak, attorney; Steven J. Jozwiak and Richard M. Orr, on the brief).

PER CURIAM

In this commercial landlord-tenant case, defendants Crossfit Mount Laurel, LLC and Thomas Alfinito appeal from an April 19, 2018 order granting summary judgment in favor of plaintiff Jerald Mirrow. The motion judge struck defendants' answer and counterclaims, alleging latent defects in the leased property, and awarded plaintiff a judgment for $72,150 plus interest and costs.

The trial court granted summary judgment, reasoning that defendants' claim was barred by language in the lease reciting that the tenant took the premises as is and the landlord was not liable for any latent defects. On this appeal, defendants argue that the case was not ripe for summary judgment because there were disputed issues of material fact concerning alleged undisclosed latent defects in the leased property. They also contend that the trial court erred in enforcing a contract, drafted by plaintiff, which they contend provided plaintiff with a purported "absolute defense against fraud in inducement to contract."

We review the trial court's order de novo, using the same Brill standard that governs the trial court. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

A-4343-17T2

After reviewing the record, we find no merit in defendants' arguments. We affirm, albeit on different grounds than the trial judge.

The parties entered into a commercial lease of a building owned by plaintiff. The lease recited that the tenant intended to use the space for a recreation and fitness center. The lease permitted the tenant to make alterations and improvements to the premises, with the landlord's approval. The lease placed on the tenant the obligation to repair and maintain the premises "at its own cost and expense[.]" On the other hand, the lease allocated to the landlord the responsibility to maintain "the roof, the exterior and the structural integrity of the building." Section twenty-two of the lease provided that upon signing the lease, the tenant accepted the premises "in their existing condition and state of repair" and agreed that the landlord had made no representations, statements or warranties, "express or implied" except as specifically set forth in the lease. This section also provided: "Lessor shall in no event be liable for any latent defects." Alfinito executed a personal guarantee of the lease.

Plaintiff filed a complaint alleging that in May 2015, defendant Crossfit took possession of the leased premises to begin its renovations, but abandoned the premises on or about August 19, 2016. Plaintiff sought lost rent and other damages. Defendants filed an answer and counterclaim asserting that Alfinito

3

asked Mirrow "on numerous occasions" to fix holes in the roof and remediate mold. According to the counterclaim, Mirrow asked defendants to arrange for the mold removal, at defendants' expense, in return for which Mirrow would negotiate a rent abatement. The counterclaim asserted that defendants found tarps on the roof near the location of the leaks, and defendants asserted various causes of action based on the claim that plaintiff knew about the leaks but did not disclose them to defendants before entering into the lease. Attached to the counterclaim was a mold inspection report from a company called Mastertech Environmental. The report did not include a narrative explanation of the mold test results. In fact, the company's cover letter to the report specifically stated: "Interpretation and use of test results are your responsibility."

The court scheduled the case for an April 9, 2018 trial. Defendants filed a summary judgment motion returnable on March 29, 2018. The motion was supported by a brief and an extremely terse certification from Alfinito. After the usual certification language, Alfinito set forth the following sentence, which we quote in its entirety: "Without restating the procedural history or the facts as set out in this instant motion, I certify that I have read this Summary Judgment motion and all it[s] attachments and hereby declare that it is true and correct." It would be an understatement to say that this purported certification was

inadequate to serve as the legally competent evidence required to support, or respond to, a summary judgment motion. See R. 4:46-5(a); R. 1:6-6; Sullivan v. Port Auth. of N.Y. & N.J., 449 N.J. Super. 276, 279-80 (App. Div. 2017). Alfinito did not even assert personal knowledge as to any of the facts set forth in the motion papers. Defendants' motion brief purported to quote plaintiff's deposition, but either the motion did not include that document or defendants chose not to place it before us by including it in their appendix. Defendants' statement of undisputed facts was almost entirely devoid of citations to the evidentiary record. See R. 4:46-2(a).

Plaintiff cross-moved for summary judgment. Plaintiff's responding statement of material facts, which was supported with citations to the record, denied that the roof leaked or that there was mold present. Plaintiff admitted that on occasion, the rooftop air conditioning unit created condensation, but denied concealing that condition. Plaintiff stated that defendants failed to inspect the premises despite having three weeks to do so before signing the lease. Plaintiff objected to defendants' mold report as hearsay and argued it did not qualify as a business record or an expert report.

In addition to the statement of material facts, Mirrow submitted his own certification, in proper form, divided into discrete paragraphs asserting specific

facts within his personal knowledge. See R. 1:6-6. Mirrow denied knowing about the mold defendants claimed existed, and denied making any misrepresentations to defendants about the condition of the property. Mirrow attested that he offered to make any repairs to the roof that might be necessary, but he told defendants that if they believed there was mold on the premises it was their responsibility under the lease to remediate it. Nonetheless, he offered a rent abatement for the cost of any remediation.[1] Mirrow attested that, despite those offers, defendants abandoned the lease and failed to pay the rent, leaving almost $80,000 in rent due and owing as of the time the motion was filed.

The record supports the trial judge's order denying defendants' summary judgment motion and granting summary judgment to plaintiff. Defendants failed to present legally competent evidence to support either their defenses or their counterclaims. Most significantly, defendants produced no legally competent evidence that there was any mold, and they had no expert report to support their claim that the premises contained unsafe levels of mold. Nor did they present an expert report concerning alleged defects in the roof. On the other hand, plaintiff presented legally competent evidence that defendants

---

[1] An offer to settle a dispute is not admissible as evidence of liability. N.J.R.E. 408. Hence, Mirrow's attempt to settle the dispute with his tenant is not an admission that there was mold, or unsafe levels of mold, on the premises.

abandoned the premises and stopped paying the rent. Since defendants failed to produce legally competent evidence of a mold problem or defects in the roof, it is not necessary to decide whether plaintiff concealed latent defects or was protected by what defendants characterize as "caveat emptor" language in the lease.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-4343-17T2